Taylor, Chief-Justice.
 

 A motion for a new trial, in this case, is made upon the ground, that the witness, Foster, was admitted io testify to Langford’s (a witness) declarations, madyT&t him about the time when the occurrence took place, which Langford was introduced to prove. It is said, that such evidence is merely hea!.'-ay, and if admissible in confirmation of Langfords evidence.
 
 *452
 
 could only be ix it. reply, after the credibility of the latter hod been attached; and that under no cimmwic.iice, it in evidence in chief. The authorities relied upon, aro a note in
 
 Phillips mi Evidence,
 
 who remarks on the case of
 
 Luttrell
 
 v.
 
 Reynell, in
 
 1
 
 Mod.
 
 282, where such confirmatory evidence was offered in chief, that, it would not now be allowed, and
 
 Bailer's nisi prius,
 
 294, where a doubt is stated, whether it is good evidence in reply.
 

 It seems to me not to be a just construction of the Case of
 
 Luttrell
 
 v.
 
 Reynell,
 
 to consider the confirmatory evidence as offered in chief $ for suspicion maybe thrown on the cvider.V of a witness, from the nature of his evidence, from t ;e situation of the witness, or from imputations directed against him in the cross examination, which may he not less effectual in discrediting him, than direct evidence brought to impeach his testimony, and equally call upon the party introducing him, for confirmatory evidence. The witness, in the case cited, appeared, from hir. own evidence, to have bee» equally concerned with the defendants in the trespass, and was left out of the-doci&ration in order that he might be a witness ; but as he was giving testimony to discharge himself, which would be the effect of convicting the Defendant, he appear, ó in a suspicious light, and therefore, his declarations formerly made, to the same amount, with bis evidence, were introduced to restore him to the same degree of credit he would have had, if no motive had ever existed for his departure from truth. Had he been free from suspicion, such confirmatory evidence would have been peitectly useless; and ghen fis it was, it must have been substantially in reply to these suspicions. Though an accomplice is a competent witness, yet his unconfirmed cv Hence is usually received with caution, and distrusted by a Jury j'.and I cannot bin regard evidence of his previous declarations vise-proper, in reply to hose circumstances of discredit, which arise from the relation in which, he stands to the Defendant. If ap-pcared, in the very beginning, of Langford s evidence?
 
 *453
 
 toas he had beca an accomplice of Twitty’s j and it is airily probable, tiiat he would havo been discredited with the Jury from this cause, had not Foster proved •¿hat the witness had related to him the facts disclosed in bis evidence immediately after they happened, and added such circumstances as seemed to preclude all doubt ®f the veracity of Langford. Considering the evidence there as having been given, and properly given, in re - ply, I think it is authorised by law, and atn certain it has been long sanctioned by the practice of tiiis State. For this reason, Í am opposed to a new trial.
 

 It is moved, in arrest of judgment, that the indictment is repugnant in charging the Defendant with forging a Hank note, purporting* to have been issued by the President and Directors, and Company of the Bank of Cape-Fear,
 
 promising
 
 to pay,
 
 &c.
 
 In support of this objection, was cited 6
 
 Cranck,
 
 167, where it was held, that an indictment under the act of Congress, 1798, could not be maintained for forging a counterfeit paper, purporting to be a Bank bill of the United States, signed Thomas Willing, &c. since a forged bill, purporting to be a Bank bill, could not be signed by the President. But in that case, it appeared that the act of Congress was., in itself, repugnant, and would not support an indictment for uttering, ao true, a forged paper, purporting to he a Bank bill of that Bank,
 
 signed
 
 by the President and Cashier. There is no repugnancy in the act cf 1819, upon which this indictment is framed, for the offence consists in uttering, as true, any false, forged, or counterfeit bill or note, purporting to be a bill or note, Issued by the the order of the President and Directors of any Bank or corporation within this State, or any of the United States. The indictment unnecessarily goes further, and states a promising to pay to John Mitchell, 4c. but it is not repugnant; for if the Court reads it as others would, it must he understood as descriptive of » MIL purporting to promise, as well as purporting to be
 
 *454
 
 issued’by the President and Directors: and as purporting imports what appears upon the face of the bill, so this, when produced, corresponds with the description. In the other exceptions taken to the form and expressions of thb transcript sent up to this Court, I see nothing substantial.
 

 The other Judges concurred.